IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MBEWE, | No. 4:21-CV-00654 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THERESA A. DELBALSO, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### AUGUST 16, 2022

Plaintiff Christopher F. Mbewe is currently incarcerated at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. He filed the instant *pro se* Section 1983[1] action in April 2021, claiming constitutional violations by various SCI Mahanoy officials concerning the handling of his legal mail. Presently pending is Defendants' motion to dismiss Mbewe's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court will grant Defendants' motion to dismiss and will give Mbewe one final opportunity to state a claim upon which relief may be granted.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284–85 (2002).

I.  **BACKGROUND**

Mbewe's pleadings have gone through multiple iterations. He initially filed a complaint in April 2021.[2] Defendants moved to dismiss that complaint several months later.[3] Mbewe opposed the motion to dismiss,[4] then moved for leave to amend and included a proposed amended complaint.[5] Defendants did not oppose Mbewe's motion to amend, so the Court granted the unopposed motion and docketed his amended complaint.[6]

Defendants promptly moved to dismiss the amended complaint.[7] Mbewe, as before, both opposed the motion to dismiss[8] and sought leave to file a second amended complaint.[9] The Court granted Mbewe leave to file a second amended complaint.[10]

In his second amended complaint, which is now the operative pleading, Mbewe alleges that SCI Mahanoy prison officials unlawfully opened his legal mail outside of his presence and wrongfully confiscated legal mail that was critical to his state post-conviction proceedings.[11] He avers that there is an ongoing pattern at SCI Mahanoy of prison officials interfering with legal mail or tacitly condoning such interference.[12]

---

[2]  Doc. 1.
[3]  Doc. 20.
[4]  *See* Docs. 21, 22.
[5]  Docs. 25, 25-1.
[6]  *See* Docs. 27, 28.
[7]  Doc. 29.
[8]  *See* Doc. 35.
[9]  *See* Docs. 36, 38.
[10] *See* Doc. 38.
[11] Doc. 36 ¶¶ 8-17.
[12] *Id.* ¶¶ 23-24.

He names as defendants Superintendent Theresa A. Delbalso, Captain Michael Dunkle, Lieutenant Kyle Wall, and Correctional Officers Adam Crawford and Adam Chapman.[13]  Mbewe invokes the First and Fourteenth Amendments as the constitutional basis for his Section 1983 claims.  He asserts in Count I that all Defendants violated his "First and Fourteenth Amendment Rights" by interfering with confidential legal communications "by opening, reading, copying, and destroying" his legal mail.[14]  In Count II, Mbewe alleges that all Defendants violated the First and Fourteenth Amendments by seizing, copying, reading, and confiscating his legal mail.[15]

Defendants move to dismiss Mbewe's second amended complaint in its entirety.[16]  Defendants' motion is fully briefed and ripe for disposition.

## II.    STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[17]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[18]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the

---

[13]  *Id.* ¶¶ 2-5.
[14]  *See id.* ¶¶ 29-40.
[15]  *See id.* ¶¶ 42-49.
[16]  *See generally* Docs. 39, 40.
[17]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[18]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[19]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[20] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[21] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[22] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[23] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[24]

Because Mbewe proceeds *pro se*, his pleadings are to be liberally construed and his second amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[25] This is particularly true when the *pro se* litigant, like Mbewe, is incarcerated.[26]

---

[19] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[20] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[21] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[22] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[23] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[24] *Iqbal*, 556 U.S. at 681.
[25] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[26] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

Before addressing the sufficiency of the second amended complaint, the Court must identify the claimed constitutional violations.[27] Mbewe alleges First and Fourteenth Amendment infringements, but it is difficult to determine exactly what types of constitutional torts he is raising. As best the Court can ascertain, Mbewe is asserting claims of (1) First and Fourteenth Amendment denial of access to the courts; (2) First Amendment interference with legal correspondence in violation of free-speech rights; and, possibly, (3) Fourteenth Amendment deprivation of property without due process of law. Careful examination of these claims demonstrates that Mbewe's second amended complaint is deficient in numerous critical respects.

### A.   Fourteenth Amendment Deprivation of Property

Mbewe's allegations in Count II could potentially be construed as claiming that his personal property (*i.e.*, legal mail and other correspondence) was wrongfully taken by a state actor, thus implicating a Fourteenth Amendment claim of deprivation of property without due process of law.[28] This constitutional tort, however, has significantly limited application. Most acutely, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."[29]

---

[27] *See Albright v. Oliver*, 510 U.S. 266, 271 (1994) ("The first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed."); *Graham v. Connor*, 490 U.S. 386, 394 (1989) (explaining that analysis of a Section 1983 claim requires "identifying the specific constitutional right allegedly infringed by the challenged" conduct).
[28] *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).
[29] *Id.* at 533.

Mbewe's complaint is silent as to whether adequate state post-deprivation remedies exist for the confiscation and alleged destruction of his legal mail and other documents, but the Court notes that state tort law likely provides a remedy for claims like those Mbewe is asserting.[30] The United States Court of Appeals for the Third Circuit has also held that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[31] Thus, if Mbewe is attempting to assert a Fourteenth Amendment deprivation-of-property claim, that claim fails and must be dismissed with prejudice.

### B. First Amendment Claims

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[32] Mbewe appears to raise two different species of First Amendment violations across Counts I and II of his second amended complaint.

---

[30] *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *see also Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim due to existence of state post-deprivation remedies).
[31] *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).
[32] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

6

### 1. Denial of Access to the Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[33] Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[34] To adequately plead an access-to-courts claim that is backward-looking in nature,[35] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[36] The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[37]

Mbewe alleges that, in April 2019, he received a telephone call from Rasheeda Johnson, a new eyewitness in his criminal proceedings, and that Defendants "pre-opened, copied and destroyed" exculpatory correspondence from Johnson, causing him to miss a state post-conviction deadline.[38] Mbewe cites 42 PA. CONS. STAT. § 9545(b)(1), the provision of Pennsylvania's Post Conviction Relief Act (PCRA) that provides a one-year statute of limitations for filing a PCRA petition. Under

---

[33] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).
[34] *Id.* (citing *Lewis*, 518 U.S. at 354-55).
[35] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).
[36] *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[37] *See Christopher*, 536 U.S. at 416-17.
[38] *See* Doc. 36 ¶¶ 16-17.

subsection (b)(1)(ii), a PCRA petition can be filed later than one year from the date the criminal judgment becomes final when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence."[39]

Mbewe's access-to-courts claim, while properly involving a collateral challenge to a criminal sentence, is deficient in several respects. Although Mbewe broadly claims that he missed the deadline to file a PCRA petition grounded in new evidence, Mbewe has not plausibly pled facts showing how the purported interference with his mail caused such a lengthy delay that the one-year PCRA limitations period elapsed. For example, Mbewe does not allege when Johnson sent the letter, how he came to know about the correspondence and that it was "destroyed," or how long Defendants possessed the correspondence without informing him. Additionally, Mbewe has not pled facts showing that he has no other remedy for the purported loss. He does not allege that he could not have filed a PCRA petition based on the telephonic conversation with Johnson to preserve his statute of limitations while he attempted to get a written statement.[40] Nor does Mbewe allege that he filed a PCRA petition based on this newly discovered evidence and it was denied as untimely. In

---

[39] 42 Pa. Cons. Stat. § 9545(b)(1)(ii).
[40] *See* 42 Pa. Cons. Stat. § 9545(d)(1)(ii) (explaining that, should a petitioner seek an evidentiary hearing, "[i]f a petitioner is unable to obtain the signature of a witness . . ., the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony").

fact, Mbewe indicates in his second amended complaint that he currently has "pending post-conviction petitions" in state court.[41]

Consequently, the Court must grant Defendants' motion to dismiss, but will permit Mbewe to amend his pleadings in the event that he can allege the requisite facts to state a plausible access-to-courts claim. The Court admonishes Mbewe that, if he attempts to re-plead an access-to-courts claim, he must identify the defendant or defendants involved and specify the offending action taken by each purportedly liable defendant. He must also address the specific deficiencies noted above and include all factual allegations within his pleading, not in subsequent briefing.

### 2. Interference with Legal Mail

Mbewe's primary claim appears to be that SCI Mahanoy officials are seizing, opening, and copying his privileged legal mail outside of his presence, in violation of his First Amendment free-speech rights. However, his second amended complaint, as it currently stands, does not plausibly state such a claim.

The Third Circuit has recognized that inmates have a First Amendment free-speech right in confidentiality with regard to attorney-client communication and court

---

[41] Doc. 36 ¶ 30. Mbewe includes numerous additional facts regarding his access-to-courts claim in his brief in opposition to the motion to dismiss that do not appear in the second amended complaint. *See* Doc. 54 at 11-12. He avers, for example, that he was hindered in timely filing a PCRA petition because Defendants confiscated legal correspondence and thus he was unaware of Johnson's eyewitness statement and the name of the attorney who sent it. *Id.* at 11. However, it is well settled that a plaintiff cannot amend his pleadings through a brief in opposition to a motion to dismiss. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)). Mbewe must include his allegations in his complaint, not in a brief in opposition to a Rule 12(b)(6) motion. The Court further observes that Mbewe improperly relies on exhibits that were not attached to his second amended complaint. *See* Docs. 54-1, 54-2.

mail.[42]  Thus, when there is a "pattern and practice . . . of opening legal mail outside the presence of the addressee inmate," it "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech."[43]  There does not need to be an independent injury to assert such a First Amendment claim, as "protection of an inmate's freedom to engage in protected communications is a constitutional end in itself."[44]

    The problem with Mbewe's free-speech interference claim is that he misunderstands the scope of privileged legal correspondence that is required to be opened in the presence of an inmate.  Under both Pennsylvania Department of Corrections (DOC) policy and *Jones v. Brown*, privileged legal mail involves confidential attorney-client communication and court mail.[45]  Importantly, under DC-ADM 803, privileged legal mail must have an attorney or court "control number" on the envelope indicating that it is privileged legal correspondence that must be opened in the presence of the inmate.[46]  The presence of a control number is how prison officials determine that the mail must be opened in the inmate's presence and cannot be read.

---

[42] *Jones v. Brown*, 461 F.3d 353, 358-59 (3d Cir. 2006).
[43] *Id.* at 359.
[44] *Id.* at 360.
[45] *See id.* at 358-59; COMMONWEALTH OF PA. DEP'T OF CORR., Policy Statement DC-ADM 803: Inmate Mail & Incoming Publications, § 1(D)(3)(d) (2020) [hereinafter "DC-ADM 803"].
[46] DC-ADM 803 § 1(D)(1); *Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir. 2009).

Mbewe alleges that Defendants have opened mail outside of his presence from "Su Ming Yeh, Esq," "Elizabeth Delosa Esq," and Nicole R. Ditomo Esq."[47] However, he does not plausibly allege that he is represented by any of these attorneys or that their correspondence contained attorney control numbers.[48] Attorney DiTomo, for example, is opposing counsel in the instant case. She does not represent Mbewe and her correspondence to him is not "privileged" legal communication such that it must be opened in his presence.[49]

Mbewe continually confuses privileged legal mail with general correspondence concerning legal matters.[50] Simply because mail is ostensibly from an attorney or a legal nonprofit does not require prison officials to consider it privileged legal mail. Rather, the DOC has explicitly developed a policy utilizing control numbers to delineate between privileged legal mail (that must be opened in the presence of inmates) and nonprivileged mail (which can be otherwise opened and inspected outside of an inmate's presence).[51] To the extent that Mbewe is challenging the

---

[47] Doc. 36 ¶¶ 39-40. Mbewe asserts that Attorney Delosa is from the "Innocen[ce] Project." *Id.* ¶ 13.

[48] In Mbewe's brief in opposition to the motion to dismiss, he states that all the legal mail at issue "came with [an] Attorney Control Number (ACN) or a Court Control Number (CCN)" pursuant to DC-ADM 803 § 1(D)(1). Doc. 54 at 9. This assertion, however, does not appear in his second amended complaint. As previously explained, Mbewe cannot amend his pleadings through a brief in opposition to a motion to dismiss. *Frederico*, 507 F.3d at 201-02.

[49] *See generally* DC-ADM 803 § 1(D).

[50] *See, e.g.*, Doc. 36 ¶ 30 (contending that mail to attorneys regarding "how he can act to preserve or protect his legal rights" and "discovery responses" in the instant case qualify as "privileged communications").

[51] *Fontroy*, 559 F.3d at 175-76.

11

constitutionality of this policy, the Third Circuit has already rejected such a challenge.[52]

Mbewe also discusses a box of documents containing "over 6000 pages" of trial and preliminary hearing transcripts, witness statements, affidavits, and new evidence.[53] He alleges that "for the past year" Defendants and their coworkers, "at the behest of Defendants Delbalso and Dunkle," have been repeatedly opening, copying, and testing this legal mail outside of his presence.[54] Again, however, Mbewe does not identify who sent this box of legal materials, whether the sender was representing him, or—most importantly—whether the package contained the requisite attorney control number such that the documents could be identified by prison officials as privileged attorney-client communication.

Without allegations that plausibly identify a First Amendment free-speech violation by SCI Mahanoy officials, Mbewe cannot state a Section 1983 claim against them. Nevertheless, because Mbewe may be able to cure his pleading deficiencies and state a "pattern and practice" free-speech claim involving privileged legal mail, the Court will grant him leave to amend.

## IV.  LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment

---

[52] *See id.* at 174, 182.
[53] *Id.* ¶¶ 10-13.
[54] *Id.* ¶ 11.

would be inequitable or futile."[55]  Mbewe's Fourteenth Amendment deprivation-of-property claim will be dismissed with prejudice because leave to amend would be futile.  The Court will grant leave to amend for Mbewe's First and Fourteenth Amendment access-to-courts claim, as well as his First Amendment free-speech "pattern and practice" claim involving legal mail.

If Mbewe chooses to file a third amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The third amended complaint should set forth Mbewe's First and Fourteenth Amendment claims (except those dismissed with prejudice) in short, concise, and plain statements, and in sequentially numbered paragraphs.  Mbewe must also name proper defendants, *specify the offending actions taken by a particular defendant*, sign the amended complaint, and indicate the nature of the relief sought.

The Court specifically admonishes Mbewe that, if he files a third amended complaint, he must include allegations of personal involvement by the named Defendants.[56]  In many paragraphs of the second amended complaint, Mbewe uses the term "defendants" or "defendant" without identifying who took the allegedly unlawful action.[57]  Although there are times that Mbewe identifies Defendants by name, the majority of his allegations lack specificity with regard to personal involvement.  The

---

[55] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).
[56] *See Dooley*, 957 F.3d at 374.
[57] *See, e.g.*, Doc. 36 ¶¶ 11, 15, 17, 19, 20, 22, 23, 24, 25, 27, 33, 39, 40, 44, 45, 47, 48.

Court further admonishes Mbewe that, as he has already filed three versions of his complaint, no further leave to amend will be granted absent exceptional circumstances.

## V.     CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 39) to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court will also grant leave to amend as to some of Mbewe's dismissed claims.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge