# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MBEWE, | No. 4:21-CV-00654 |
| Plaintiff. | (Chief Judge Brann) |
| v. | |
| THERESA A. DELBALSO, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### MAY 17, 2023

Plaintiff Christopher F. Mbewe is currently incarcerated at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. He filed the instant *pro se* Section 1983[1] action in April 2021, claiming constitutional violations by various SCI Mahanoy officials concerning the handling of his legal mail.  Mbewe, however, has failed to progress past the pleading stage. Presently pending is Defendants' motion to dismiss Mbewe's third amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, the Court will grant Defendants' motion and will dismiss Mbewe's third amended complaint with prejudice.

---

[1]  42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

Mbewe's pleadings have gone through multiple iterations over the preceding two years.  He initially filed a complaint in April 2021.[2]  Defendants moved to dismiss that complaint several months later.[3]  Mbewe opposed the motion to dismiss,[4] then moved for leave to amend and included a proposed amended complaint.[5]  Defendants did not oppose Mbewe's motion to amend, so the Court granted the unopposed motion and docketed his amended complaint.[6]

Defendants promptly moved to dismiss the amended complaint.[7]  Mbewe, as before, both opposed the motion to dismiss[8] and sought leave to file a second amended complaint.[9]  The Court granted Mbewe leave to file a second amended complaint.[10]

In his second amended complaint, Mbewe alleged that SCI Mahanoy prison officials unlawfully opened his legal mail outside of his presence and wrongfully confiscated legal mail that was critical to his state post-conviction proceedings.[11] He claimed that there is an ongoing pattern at SCI Mahanoy of prison officials

---

[2]   Doc. 1.
[3]   Doc. 20.
[4]   *See* Docs. 21, 22.
[5]   Docs. 25, 25-1.
[6]   *See* Docs. 27, 28.
[7]   Doc. 29.
[8]   *See* Doc. 35.
[9]   *See* Docs. 36, 38.
[10]  *See* Doc. 38.
[11]  Doc. 36 ¶¶ 8-17.

interfering with legal mail or tacitly condoning such interference.[12]  Defendants moved to dismiss Mbewe's second amended complaint as well.[13]

On August 16, 2022, the Court granted Defendants' Rule 12(b)(6) motion.[14] The Court determined that, liberally construed, Mbewe's second amended complaint was attempting to assert claims of (1) First and Fourteenth Amendment denial of access to the courts; (2) First Amendment interference with legal correspondence in violation of free-speech rights; and, possibly, (3) Fourteenth Amendment deprivation of property without due process of law.[15]  Mbewe's pleading, however, failed to plausibly state any of these constitutional torts.

The Court first dismissed—with prejudice—any potential claim of deprivation of property without due process of law because adequate state post-deprivation remedies existed.[16]  Next, the Court found that Mbewe's access-to-courts claim was deficient because he had failed to plead facts showing that the alleged interference with his mail caused him to miss the one-year statute of limitations for state post-conviction proceedings, and because he had failed to plead facts showing that he had no other remedy for the purported loss.[17]  Finally, the Court dismissed Mbewe's First Amendment "pattern and practice" free-speech-

---

[12]  *Id.* ¶¶ 23-24.
[13]  *See generally* Doc. 39.
[14]  *See generally* Docs. 56, 57.
[15]  Doc. 56 at 5.
[16]  *See id.* at 5-6.
[17]  *Id.* at 8.

interference claim because he had failed to plead facts showing that the mail that prison officials opened was privileged legal mail such that it being opened outside of his presence implicated a constitutional violation.[18]  Mbewe was granted limited leave to amend, giving him one final opportunity to cure the pleading deficiencies.[19]

Mbewe filed his third amended complaint in September 2022.[20]  He then amended that pleading by providing additional exhibits.[21]  His third amended complaint names the same defendants: Superintendent Theresa A. Delbalso, Captain Michael Dunkle, Lieutenant Kyle Wall, and Correctional Officers Adam Crawford and Adam Chapman.[22]  Mbewe again invokes the First and Fourteenth Amendments as the constitutional basis for his Section 1983 claims.  He asserts in Count I that all Defendants violated his "First and Fourteenth Amendment Rights" by interfering with confidential legal communications "by opening, reading, cop[y]ing, and destroying" his legal mail.[23]  In Count II, Mbewe alleges that all Defendants violated the First and Fourteenth Amendments by seizing, copying, reading, and confiscating his legal mail.[24]

---

[18]  *Id.* at 9-12.

[19]  *See id.* at 13-14.

[20]  Doc. 62.

[21]  *See* Docs. 69, 69-1.  Because the third amended complaint at CM/ECF document 62 is identical to the third amended complaint at CM/ECF document 69 (save for the additional exhibits), the Court will cite to document 69 as the operative third amended complaint.

[22]  *See* Doc. 69 ¶¶ 2-5.

[23]  *See id.* ¶¶ 35-46.

[24]  *See id.* ¶¶ 47-55.

Defendants once more move to dismiss Mbewe's third amended complaint for failure to state a claim upon which relief may be granted.[25]  Defendants' motion is fully briefed and ripe for disposition.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[26]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[27]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[28]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[29]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[30]  Second, the court should distinguish well-

---

[25]   *See generally* Doc. 67.

[26]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[27]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[28]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[29]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[30]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[31]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[32] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[33]

Because Mbewe proceeds *pro se*, his pleadings are to be liberally construed and his third amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[34]   This is particularly true when the *pro se* litigant, like Mbewe, is incarcerated.[35]

## III.   DISCUSSION

As Defendants correctly point out, Mbewe's third amended complaint is strikingly similar to his second amended complaint.  As best as the Court can ascertain, it appears that Mbewe is attempting to assert the same claims of First and Fourteenth Amendment denial of access to the courts and First Amendment "pattern and practice" free-speech-interference, both of which appeared in his

---

[31]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[32]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[33]   *Iqbal*, 556 U.S. at 681.
[34]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[35]   *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

second amended complaint.[36]  After review, the Court finds that Mbewe has not cured the numerous pleading deficiencies identified in its August 16, 2022 memorandum opinion.

### A.     Denial of Access to the Courts

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[37]  Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[38]  Inmates, however, may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[39]  To adequately plead an access-to-courts claim that is backward-looking in nature,[40] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as

---

[36]  To the extent that Mbewe is attempting to reassert a Fourteenth Amendment claim of deprivation of property without due process, (*see* Doc. 83 at 8-9), that claim was dismissed with prejudice and will not be discussed further.

[37]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

[38]  *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

[39]  *Id.* (citing *Lewis*, 518 U.S. at 354-55).

[40]  There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time."  *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).

recompense' for the lost claim other than in the present denial of access suit."[41]
The underlying claim must be described well enough to demonstrate that it is
"more than hope," and the complaint must set out the "lost remedy."[42]

Mbewe avers that, in April 2019, his sister received a telephone call from
Rasheeda Johnson, a new eyewitness with respect to his state criminal case.[43]
According to Mbewe, Johnson had told his sister that she could provide
exculpatory testimony that Mbewe "was not the person that did the crime."[44]
Mbewe alleges that Johnson provided a written statement that "defendants pre-
opened, copied and destroyed before [he] could receive a copy[] in time to file a
Post-Conviction Relief Act ('PCRA') petition" pursuant to 42 Pa. Cons. Stat. §
9545(b)(1).[45]  Under subdivision (b)(1)(ii), a PCRA petition can be filed beyond
one year from the date the criminal judgment becomes final when "the facts upon
which the claim is predicated were unknown to the petitioner and could not have
been ascertained by the exercise of due diligence."[46]

Mbewe's access-to-courts claim remains deficient in several respects.  Like
his second amended complaint, Mbewe broadly claims that he missed the deadline

---

[41]  *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[42]  *See Christopher*, 536 U.S. at 416-17.
[43]  *See* Doc. 69 ¶ 17.
[44]  *Id.*
[45]  Section 9545(b)(1) generally provides that a PCRA petition must be filed within one year of the date the judgment becomes final, but then lists three exceptions to this general rule.  *See* 42 Pa. Cons. Stat. § 9545(b)(1)(i)-(iii).
[46]  42 Pa. Cons. Stat. § 9545(b)(1)(ii).

to file a PCRA petition grounded in new evidence because "defendants" opened, copied, and destroyed the alleged exculpatory correspondence from Johnson.[47] However, Mbewe has not plausibly pled facts showing how the purported interference with his mail caused such a lengthy delay that the one-year PCRA limitations period elapsed. For example, Mbewe does not allege when Johnson sent the letter, how he came to know about Johnson's correspondence and that it was "copied and destroyed," who destroyed it, or how long "defendants" possessed and "held" the correspondence without informing him.

Additionally, Mbewe has once again failed to plead facts showing that he has no other remedy for the purported loss other than an access-to-courts claim. He does not allege that he could not have filed a PCRA petition based on the telephonic conversation between his sister and Johnson to preserve his statute of limitations while he attempted to obtain a signed statement or an evidentiary hearing.[48] Mbewe had an entire year from the date he learned of Johnson's new eyewitness testimony to file such a petition.

---

[47] The Court notes that Mbewe does not plausibly explain why prison officials would go through the effort of opening and copying Mbewe's correspondence, only to destroy both the original and the copy rather than delivering a copy to Mbewe.

[48] *See* 42 PA. CONS. STAT. § 9545(d)(1)(ii) (explaining that, should a petitioner seek an evidentiary hearing, "[i]f a petitioner is unable to obtain the signature of a witness . . ., the petitioner shall include a certification, signed by the petitioner or counsel, stating the witness's name, address, date of birth and substance of testimony"). Although Mbewe states that he did not have Johnson's address or phone number, he does not explain why he did not contact his sister—the person whom Johnson contacted in the first instance—to obtain Johnson's information for the certification under § 9545(d)(1)(ii) or to obtain a copy of the purported exculpatory statement itself.

Nor does Mbewe allege that he filed a PCRA petition based on this newly discovered evidence and it was denied as untimely or unsupported. He also does not allege that he sought federal habeas relief through 28 U.S.C. § 2254 by requesting authorization to file a second or successive petition.[49] Mbewe simply claims that "there is no way [he] could put his Petition in on time because his legal mail was held."[50] Such conclusory allegations fall far short of plausibly pleading an access-to-courts claim.[51]

Finally, Mbewe admits that he is currently pursuing a Rule 60(b) motion in federal court to reopen his federal habeas proceedings.[52] Although this statement is not part of Mbewe's pleadings, it is yet another example of how Mbewe has failed to plausibly plead that he has no other remedy except an access-to-courts claim.

Consequently, the Court must again grant Defendants' motion to dismiss. Not only has Mbewe failed to cure the deficiencies specifically noted in this Court's August 16 opinion, but he has also failed to "identify the defendant or

---

[49] *See* 28 U.S.C. § 2244(b)(2)(B)(i) (permitting a second or successive Section 2254 petition where applicant shows that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence").

[50] Doc. 69 ¶ 19.

[51] *See Monroe*, 536 F.3d at 206 (finding legally insufficient prisoners' undeveloped claims of losing "the opportunity to pursue attacks of their convictions" that failed to include, *inter alia*, "that they had no other remedy to compensate them for their lost claims").

[52] *See* Doc. 83 at 5; *Mbewe v. Delbalso*, No. 2:16-cv-1074-PLD, Doc. 67 (W.D. Pa. Sept. 19, 2022). The Court notes, however, that Mbewe does not appear to mention the new evidence from Johnson in his Rule 60(b) motion or supporting brief. *See generally id.*, Docs. 67, 68.

defendants involved" or to "specify the offending action taken by each purportedly liable defendant."[53]  As Mbewe has repeatedly failed to state an access-to-courts claim despite previous amendments allowed, dismissal will be with prejudice.[54]

### B.    Interference with Legal Mail

Mbewe's primary contention (in both his second and third amended complaints) appears to be that SCI Mahanoy officials are seizing, opening, and copying his privileged legal mail outside of his presence, in violation of his First Amendment free-speech rights.  His third amended complaint, much like his second, fails to plausibly state such a claim.

The Third Circuit has recognized that inmates have a First Amendment free-speech right in confidentiality with regard to attorney-client communication and court mail.[55]  Thus, when there is a "pattern and practice . . . of opening legal mail outside the presence of the addressee inmate," it "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech."[56]  There does not need to be an independent injury to assert such a First Amendment claim,

---

[53] *See* Doc. 56 at 9.
[54] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).
[55] *Jones v. Brown*, 461 F.3d 353, 358-59 (3d Cir. 2006).
[56] *Id.* at 359.

11

as "protection of an inmate's freedom to engage in protected communications is a constitutional end in itself."[57]

As this Court thoroughly explained in its August 16 opinion, the problem with Mbewe's free-speech interference claim is that he misunderstands the scope of privileged legal correspondence that is required to be opened in the presence of an inmate.  Under both Pennsylvania Department of Corrections (DOC) policy and *Jones v. Brown*, privileged legal mail involves confidential attorney-client communication and court mail.[58]  Importantly, under DC-ADM 803, privileged legal mail must have an attorney or court "control number" on the envelope indicating it is privileged legal correspondence that is required to be opened in the presence of the inmate.[59]  The presence of a control number is how prison officials determine which correspondence cannot be read and must be opened in the inmate's presence.

Mbewe alleges that Defendants have opened and read mail outside of his presence from "Su Ming Yeh Esq," "Elizabeth Delosa Esq," and "Nicole R. Ditomo Esq."[60]  However, he does not plausibly allege that he is represented by any of these attorneys or, more importantly, that their correspondence contained

---

[57]  *Id.* at 360.

[58]  *See id.* at 358-59; COMMONWEALTH OF PA. DEP'T OF CORR., Policy Statement DC-ADM 803: Inmate Mail & Incoming Publications, § 1(D)(3)(d) (2020) [hereinafter "DC-ADM 803"].

[59]  *See* DC-ADM 803 § 1(D)(1); *Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir. 2009).

[60]  Doc. 69 ¶¶ 8, 45-46, 50.  Mbewe asserts that Attorney Delosa is from the "Innocence Project." *Id.* ¶¶ 8, 13.

attorney control numbers that were ignored by prison officials.  Attorney DiTomo, for example, is opposing counsel in the instant case.  She does not represent Mbewe and her correspondence to him is not "privileged inmate correspondence" such that it must contain a control number or be opened in his presence.[61]

Mbewe repeatedly confuses communication that may be subject to attorney-client privilege and "privileged inmate correspondence" as defined by DC-ADM 803.[62]  Simply because mail is from an attorney or a legal nonprofit (and may include confidential information protected by attorney-client privilege) *does not* require prison officials to consider it privileged inmate correspondence and open it only in the inmate's presence.  Rather, the DOC has explicitly instituted a policy utilizing control numbers to delineate between privileged legal mail (that must be opened in the presence of inmates) and nonprivileged mail (that can be otherwise opened and inspected outside of an inmate's presence).[63]  To the extent that Mbewe is challenging the constitutionality of this policy,[64] the Third Circuit has already rejected such a challenge.[65]

At bottom, the reason why Mbewe fails to state a free-speech interference claim is because he has not plausibly alleged that prison officials were knowingly

---

[61]  *See generally* DC-ADM 803 § 1(D).

[62]  *See, e.g.*, Doc. 69 ¶¶ 23, 28, 32, 36, 37, 45, 46, 50.

[63]  *Fontroy*, 559 F.3d at 175-76.

[64]  *See* Doc. 69 ¶ 42 (alleging that the DOC's "New Legal Mail Policy infringes on Plaintiff's First and Fourteenth Amendment rights to free speech and due process[.]").

[65]  *See Fontroy*, 559 F.3d at 174, 182.

opening privileged inmate correspondence (as defined by DC-ADM 803) containing attorney or court control numbers.[66]  Although Mbewe argues in his surreply that "Defendants"—once again failing to specify which defendant or defendants—should have refused or rejected the attorney correspondence lacking a control number pursuant to DC-ADM 803,[67] failure to do so does not implicate a violation of Mbewe's First Amendment free-speech rights.[68]  Rather, due to institutional security concerns, mail that appears to be from an attorney or court but lacks the requisite control number can be "opened and inspected like regular mail."[69]

Without allegations that plausibly identify a First Amendment free-speech violation by SCI Mahanoy officials, Mbewe cannot state a Section 1983 claim against them.  Mbewe, moreover, has once again failed to specify the defendants

---

[66]  Mbewe makes such a claim in his surreply.  *See* Doc. 83 at 3-4.  But as Mbewe has been repeatedly admonished, (*see* Doc. 56 at 9 n.41, 11 n.48), a plaintiff cannot amend his pleadings through a brief in opposition to a motion to dismiss. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).

[67]  *See* Doc. 83 at 3, 4, 7; DC-ADM 803 § 1(B)(1)(c) (noting that correspondence will be "refused" if it is "privileged mail that does not contain a valid" control number and/or Time Code (TC) as applicable"); *id.* § 1(D)(3)(f) (noting that attorneys' or courts' failure to comply with the control number requirements "*may* result in the rejection of the correspondence" (emphasis supplied)).

[68]  The Court notes that, in the exhibits to his third amended complaint, Mbewe included DOC correspondence history that indicates that mail from Attorney Nilam Sanghvi from the Pennsylvania Innocence Project at Temple University was rejected and that the rejection was "upheld."  *See* Doc. 69-1 at 13.

[69]  *Fontroy*, 559 F.3d at 176; *Pelino v. Wetzel*, No. 21-1363, 2022 WL 1239050, at *2 n.5 (3d Cir. 2022) (nonprecedential) (noting that legal mail that is not hand-delivered or marked with a control number "would be treated as regular mail and opened at off-site facilities to be inspected for contraband" (citing *Fontroy*, 559 F.3d at 174)).

who allegedly took the unconstitutional action despite being explicitly instructed to do so.  Thus, Mbewe's free-speech interference claim must be dismissed again.  Dismissal will be with prejudice, as Mbewe has failed to cure his pleading deficiencies despite multiple previous amendments allowed.

## IV.   LEAVE TO AMEND

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[70]  Further leave to amend will be denied as futile.  Mbewe has been given multiple opportunities to revise his pleadings, yet he has failed to cure the fundamental deficiencies therein even after "amendments previously allowed."[71]

## V.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 67) to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The Court will dismiss Mbewe's third amended complaint with prejudice.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[70]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

[71]   *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").