IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER MBEWE, | No. 4:21-CV-00654 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| THERESA A. DELBALSO, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JULY 6, 2023

Plaintiff Christopher F. Mbewe is currently incarcerated at the State Correctional Institution, Mahanoy (SCI Mahanoy), in Frackville, Pennsylvania. He filed the instant *pro se* Section 1983[1] action in April 2021, claiming constitutional violations by various SCI Mahanoy officials concerning the handling of his legal mail. Mbewe, however, failed to progress past the pleading stage. Ultimately, his third amended complaint was dismissed with prejudice for failure to state a claim upon which relief may be granted. Presently pending is his motion for reconsideration under Federal Rule of Civil Procedure 59(e). The Court will deny Mbewe's Rule 59(e) motion.

---

[1]  42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I. BACKGROUND

Mbewe's pleadings have gone through multiple iterations over the preceding two years. He initially filed a complaint in April 2021.[2] Defendants moved to dismiss that complaint several months later.[3] Mbewe opposed the motion to dismiss,[4] then moved for leave to amend and included a proposed amended complaint.[5] Defendants did not oppose Mbewe's motion to amend, so the Court granted the unopposed motion and docketed his amended complaint.[6]

Defendants promptly moved to dismiss the amended complaint.[7] Mbewe, as before, both opposed the motion to dismiss[8] and sought leave to file a second amended complaint.[9] The Court granted Mbewe leave to file a second amended complaint.[10]

In his second amended complaint, Mbewe alleged that SCI Mahanoy prison officials unlawfully opened his legal mail outside of his presence and wrongfully confiscated legal mail that was critical to his state post-conviction proceedings.[11] He claimed that there was an ongoing pattern at SCI Mahanoy of prison officials

---

[2] Doc. 1.
[3] Doc. 20.
[4] *See* Docs. 21, 22.
[5] Docs. 25, 25-1.
[6] *See* Docs. 27, 28.
[7] Doc. 29.
[8] *See* Doc. 35.
[9] *See* Docs. 36, 38.
[10] *See* Doc. 38.
[11] Doc. 36 ¶¶ 8-17.

2

interfering with legal mail or tacitly condoning such interference.[12]  Defendants moved to dismiss Mbewe's second amended complaint as well.[13]

On August 16, 2022, the Court granted Defendants' Rule 12(b)(6) motion.[14] The Court determined that, liberally construed, Mbewe's second amended complaint was attempting to assert claims of (1) First and Fourteenth Amendment denial of access to the courts; (2) First Amendment interference with legal correspondence in violation of free-speech rights; and, possibly, (3) Fourteenth Amendment deprivation of property without due process of law.[15]  Mbewe's pleading, however, failed to plausibly state any of these constitutional torts.

The Court first dismissed—with prejudice—any potential claim of deprivation of property without due process of law because adequate state post-deprivation remedies existed and Mbewe did not plead otherwise.[16]  Next, the Court found that Mbewe's access-to-courts claim was deficient because he had failed to plead facts showing that the alleged interference with his mail caused him to miss the one-year statute of limitations for state post-conviction proceedings, and because he had failed to plead facts showing that he had no other remedy for the purported loss.[17]  Finally, the Court dismissed Mbewe's First Amendment

---

[12]  *Id.* ¶¶ 23-24.
[13]  *See generally* Doc. 39.
[14]  *See generally* Docs. 56, 57.
[15]  Doc. 56 at 5.
[16]  *See id.* at 5-6.
[17]  *Id.* at 8.

"pattern and practice" free-speech-interference claim because he had failed to plead facts showing that the mail that prison officials opened was privileged legal mail such that it being opened outside of his presence implicated a constitutional violation.[18] Mbewe was granted limited leave to amend, giving him one final opportunity to cure the pleading deficiencies.[19]

Mbewe filed his third amended complaint in September 2022.[20] He then amended that pleading by providing additional exhibits.[21] His third amended complaint named the same defendants.[22] Mbewe again invoked the First and Fourteenth Amendments as the constitutional basis for his Section 1983 claims. He asserted in Count I that all Defendants violated his "First and Fourteenth Amendment Rights" by interfering with confidential legal communications "by opening, reading, cop[y]ing, and destroying" his legal mail.[23] In Count II, Mbewe alleged that all Defendants violated the First and Fourteenth Amendments by seizing, copying, reading, and confiscating his legal mail.[24]

---

[18] *Id.* at 9-12.
[19] *See id.* at 13-14.
[20] Doc. 62.
[21] *See* Docs. 69, 69-1. Because the third amended complaint at CM/ECF document 62 is identical to the third amended complaint at CM/ECF document 69 (save for the additional exhibits), the Court will cite to document 69 as the third amended complaint.
[22] *See* Doc. 69 ¶¶ 2-5.
[23] *See id.* ¶¶ 35-46.
[24] *See id.* ¶¶ 47-55.

Defendants once again moved to dismiss Mbewe's third amended complaint for failure to state a claim upon which relief may be granted.[25] The Court granted that motion and dismissed Mbewe's third amended complaint with prejudice, finding that Mbewe had repeatedly failed to cure pleading deficiencies identified in this Court's prior opinions.[26]

Specifically, as to Mbewe's access-to-courts claim, the Court found that Mbewe had failed to plead facts showing how the alleged interference with his mail caused him to lose the opportunity to pursue a nonfrivolous habeas claim or that he had no other remedy except an access-to-courts lawsuit.[27] The Court additionally noted that Mbewe had once again failed to identify the defendant or defendants involved in his access-to-courts claim or to specify the offending action taken by each defendant.[28]

As to Mbewe's free-speech interference claim, the Court determined that Mbewe had not stated a pattern-and-practice claim because he had failed to plausibly allege that privileged legal mail was being opened outside of his presence.[29] The Court explained that, due to explicit Pennsylvania Department of Corrections (DOC) policy, Mbewe's allegations simply failed to identify a First

---

[25]  *See generally* Doc. 67.
[26]  *See* Doc. 86 at 7, 15.
[27]  *Id.* at 7-11.
[28]  *Id.* at 10-11.
[29]  *Id.* at 11-15.

5

Amendment violation.[30]  The Court likewise noted that Mbewe had failed to specify the defendant or defendants who had taken the allegedly unconstitutional action concerning his legal mail (other than Chapman or Crawford).[31]

Mbewe filed the instant motion for reconsideration on June 5, 2023.[32]  He did not file a supporting brief.  Defendants filed a brief in opposition on June 20, 2023.[33]  To date, Mbewe has not filed a reply.  Mbewe's Rule 59(e) motion is therefore ripe for disposition.

## II.   STANDARD OF REVIEW

A motion for reconsideration of a final order is "the functional equivalent" of a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).[34]  A motion under Rule 59(e) is meant to "correct manifest errors of law or fact or to present newly discovered evidence."[35]  Its scope is "extremely limited."[36]  Thus, a movant seeking reconsideration of a final order must rely on one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when [judgment was entered]; or (3) the need to correct clear error of law or fact or to prevent manifest

---

[30]   *See id.*
[31]   *Id.* at 14-15.
[32]   *See generally* Doc. 90.
[33]   Doc. 94.
[34]   *See Wiest v. Lynch*, 710 F.3d 121, 127 (3d Cir. 2013) (citations omitted).
[35]   *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).
[36]   *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011).

injustice."[37]  A motion for reconsideration should not be used to reargue or relitigate old issues,[38] nor is it a proper procedural vehicle to assert arguments that could have been raised earlier.[39]

### III.  DISCUSSION

Mbewe's motion for reconsideration must be denied for several reasons. First, Mbewe has failed to comply with the Local Rules of Court.  Second, and more importantly, Mbewe cannot satisfy the stringent requirements for reconsideration under Rule 59(e).

#### A.  Mbewe's Motion Does Not Comply with the Local Rules

Mbewe's motion for reconsideration does not comply with the Local Rule of Court.  Local Rule of Court 7.5 requires that "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion.  If the motion seeks a protective order, a supporting brief shall be filed with the motion.  If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn."[40]  Local Rule 7.8 subsequently mandates that supporting briefs "shall contain complete citations of all authorities relied upon" and that "[t]he brief of the moving party shall contain a procedural

---

[37] *Max's Seafood Café*, 176 F.3d at 677 (citation omitted).
[38] *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted); 9C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE §§ 2582, 2810.1 (3d ed. 2018).
[39] *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018).
[40] LOCAL RULE OF COURT 7.5.

history of the case, a statement of facts, a statement of questions involved, and argument."[41]

Mbewe's motion does not comply with the above-referenced rules. He has not filed a supporting brief concurrently with his motion or within 14 days of filing the motion. Moreover, Mbewe's motion contains no argument or citation to legal authority. The Court is aware that *pro se* filers are held to a lesser standard than counseled parties, but even *pro se* litigants must comply with the Local Rules and must support their arguments with legal authority.

Thus, as Mbewe's motion for reconsideration fails to comply with Local Rule of Court 7.5, it is deemed withdrawn.[42] Nevertheless, to avoid wasting judicial time and resources, the Court will address the merits of Mbewe's motion.

### B. Mbewe's Motion Fails on the Merits

Mbewe does not cite new evidence or an intervening change in controlling law. The Court thus presumes that he is contending that there was an error of law or fact in this Court's dismissal of his third amended complaint. The Court disagrees.

In his motion for reconsideration, Mbewe contends that his "protected correspondence was opened outside of [his] presence in violation of the Constitutional protection to have confidential communication with [his]

---

[41] LOCAL RULE OF COURT 7.8.
[42] *See* LOCAL RULE OF COURT 7.5.

8

attorney."[43]  He also asserts that his "property was seized and kept by the authorities with nothing even close to due process being offered."[44]  Accordingly, Mbewe appears to be challenging this Court's determinations that he failed to plausibly state a claim for relief with respect to his Fourteenth Amendment claim of deprivation of property without due process and his First Amendment claim of interference with legal correspondence in violation of his free-speech rights.

With regard to his Fourteenth Amendment property-deprivation claim, that claim was dismissed with prejudice in this Court's August 16, 2022 opinion.[45]  The Court noted that state tort law likely provides a remedy for Mbewe's claim,[46] and further observed that the Third Circuit has held that the prison grievance process constitutes an adequate post-deprivation remedy (even if a plaintiff disagrees with the results).[47]  Mbewe has not proffered any argument as to why this determination was a clear error of law, so his motion for reconsideration must be denied.

The Court next turns to Mbewe's pattern and practice free-speech claim.  Mbewe's primary contention (in both his second and third amended complaints) was that SCI Mahanoy officials seized, opened, and copied privileged legal mail outside of his presence, in violation of his First Amendment free-speech rights.  In

---

[43] Doc. 90 at 1-2.
[44] *Id.* at 2.
[45] *See* Doc. 56 at 5-6.
[46] *See id.* at 6 (citing 42 PA. CONS. STAT. § 8522(a), (b)(3); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential)).
[47] *See id.* (citing *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000)).

detailed analysis, the Court determined that Mbewe failed to plausibly state such a claim.[48]

The Court need not regurgitate its entire May 17, 2023 opinion. However, because Mbewe included an affidavit[49] with his motion for reconsideration that again attempts to plead additional facts, the Court will once more explain why his third amended complaint was dismissed with prejudice.

Under DC-ADM 803, privileged legal mail must have an attorney or court "control number" on the envelope or package indicating it is privileged legal correspondence that is required to be opened in the presence of the inmate.[50] The presence of a control number is how prison officials determine which correspondence cannot be read and must be opened in the inmate's presence. Nowhere in *any* of Mbewe's pleadings did he allege that legal correspondence that prison officials opened outside of his presence contained an attorney or court control number. Rather, Mbewe continually alleged that prison officials opened correspondence from various attorneys or nonprofit groups who did not represent him (including, for example, nonprivileged legal mail from opposing counsel in the instant case).

---

[48] *See* Doc. 86 at 11-15.
[49] Doc. 90-1.
[50] *See* COMMONWEALTH OF PA. DEP'T OF CORR., Policy Statement DC-ADM 803: Inmate Mail & Incoming Publications, § 1(D)(1) (2020) [hereinafter "DC-ADM 803"]; *Fontroy v. Beard*, 559 F.3d 173, 174 (3d Cir. 2009).

As the Court explained, Mbewe repeatedly conflated communication that may be subject to attorney-client privilege and "privileged inmate correspondence" as defined by DC-ADM 803.[51] Simply because mail is from an attorney or a legal nonprofit (and may include confidential information protected by attorney-client privilege) *does not* require prison officials to consider it privileged inmate correspondence and open it only in the inmate's presence. Rather, the DOC has explicitly instituted a policy utilizing control numbers to delineate between privileged legal mail (that must be opened in the presence of inmates) and nonprivileged mail (that can be otherwise opened and inspected outside of an inmate's presence).[52] To the extent that Mbewe is challenging the constitutionality of this policy,[53] the Third Circuit has already rejected such a challenge.[54]

Mbewe has repeatedly failed to state a free-speech interference claim because he has not plausibly alleged that prison officials were knowingly opening privileged inmate correspondence (as defined by DC-ADM 803) containing attorney or court control numbers outside of his presence. He appears to make such an assertion in his surreply[55] to Defendants' motion to dismiss his third amended complaint but, as Mbewe has been repeatedly admonished,[56] a plaintiff

---

[51] *See, e.g.*, Doc. 69 ¶¶ 23, 28, 32, 36, 37, 45, 46, 50.
[52] *Fontroy*, 559 F.3d at 175-76.
[53] *See* Doc. 69 ¶ 42 (alleging that the DOC's "New Legal Mail Policy infringes on Plaintiff's First and Fourteenth Amendment rights to free speech and due process[.]").
[54] *See Fontroy*, 559 F.3d at 174, 182.
[55] *See* Doc. 83 at 3-4.
[56] *See* Doc. 56 at 9 n.41, 11 n.48; Doc. 86 at 14 n.66.

cannot amend his pleadings through a brief in opposition to a motion to dismiss.[57] Mbewe was given three opportunities to amend but did not include any allegations to this effect. In the affidavit accompanying his motion for reconsideration, he avers that mail from Attorney Delosa "had an attorney Identification number as per DOC policy,"[58] but again this allegation was never included in any iteration of his complaint and it additionally appears to be unsupported by his own attachments.[59] Furthermore, even assuming that Attorney Delosa's package contained an attorney control number (that Mbewe claims was removed),[60] a single instance of opening privileged legal mail outside an inmate's presence is generally insufficient to state a First Amendment free-speech claim.[61]

The Court therefore, must deny Mbewe's motion for reconsideration. There was no error in dismissing his third amended complaint with prejudice. Mbewe was given *four* opportunities to "tell his story" and failed to state a plausible claim for relief, so further leave to amend was appropriately denied.[62]

---

[57] *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (citing *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)).
[58] Doc. 90-1 at 1 ¶ 4.
[59] *See* Doc. 69-1 at 4 (copy of the shipping label from Attorney Delosa). Despite being labeled "legal mail," this shipping label does not include an attorney control number. *See id.*
[60] *See* Doc. 83 at 4.
[61] *See Iwanicki v. Pa. Dep't of Corr.*, 582 F. App'x 75, 79 (3d Cir. 2014) (nonprecedential) (citing *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003)).
[62] *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (concluding that, where inmate plaintiff "has already had two chances to tell his story," providing "further leave to amend would be futile").

## IV.    CONCLUSION

Based on the foregoing, the Court will deny Mbewe's motion for reconsideration under Federal Rule of Civil Procedure 59(e). An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge